March 25, 1939

Honorable Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:

> Opinion No. O-437
> Re: Is a servant or employee
> of a wine and beer retailer sub-
> ject to the penalties provided
> in the Liquor Control Act for
> selling beer to an intoxicated
> person?

Your request for an opinion on the above stated question has been received by this office.

Article 667-19 of the Penal Code reads in part as follows:

> "The Board or Administrator shall have
> the power and authority to cancel the
> license of any person authorized to sell
> beer after notice and hearing as herein
> provided upon finding that the licensee
> has:
> 1. If a Retailer:

> (a) Knowingly sold beer to any person under
> the age of twenty-one (21) years; or
> (b) Sold beer to any person showing evidence
> of intoxication; or
> (c) Sold beer during any hours when such sale
> was forbidden by law; or .........."

> "Any act of omission or commission enumerated herein as cause for the cancellation or suspension of any type of license shall also be a violation of this Act and subject to the penalties provided in Section 26 of this Article, provided, however, the penalty for the making of any false or untrue statements in any application for licenses or in any statement, report, or other instrument to be filed with the Board and which is required to be sworn to shall be as is provided in Section 17 (a) - (2) of Article 1 of this Act."

Article 667-26 of the Penal Code provides, in part:

> "Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

Section B and Section H of Article 667-1 of the Penal Code reads as follows:

> "...(b) The term "beer" means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per cent of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer.
>
> ...(h) The term "person" shall mean and refer to any natural person or association of natural persons, trustees, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them."

We must bear in mind that the proceedings for the cancellation or suspension of any type of license under Section 2 of the Texas Liquor Control Act is of a civil nature rather than a criminal proceeding, and that a crim-

inal proceeding and a proceeding for cancellation or suspension of any type of license under Article 667-19 of the Penal Code are separate and distinct proceedings. However, any of the acts of omission or commission enumerated in Article 667-19 supra, as cause for the cancellation or suspension of any type of license is also made a criminal offense subject to the penalties provided in 667-26 of the Penal Code by the specifications of Article 667-19 of the Penal Code.

Taking into consideration the term "person" as defined by Section 8, Article 667-1 and the language used in Article 667-26 of the Penal Code, we must conclude that any person coming within the definition set forth in Section H, Article 66701 of the Penal Code, who violates any of the provisions of Article 667-19 of the Penal Code would be subject to the prosecution under the statute subject to the penalties prescribed by Article 667-26 of the Penal Code.

In view of the foregoing statute, you are respectfully advised that it is the opinion of this department that any servant or employee of a wine and beer retailer who sells beer to an intoxicated person is subject to prosecution under Articles 667-19 and 667-26 of the Penal Code.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:bbb

APPROVED:

FIRST ASSITANT ATTORNEY GENERAL